

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSEPH DAVIS, | |
| Plaintiff, | Civil Action No. |
| v. | |
| EASTWYCK VILLAGE TOWNE HOUSES, INC., | JURY TRIAL DEMANDED |
| Defendant. | 1:11-CV-1607 |

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 17 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Joseph Davis and files this lawsuit against Defendant Eastwyck Village Towne Houses, Inc., and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. Plaintiff brings this action as the representative party for all similarly situated employees and former employees of Eastwyck Village Towne Houses, Inc.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in

1

violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Eastwyck Village Town Houses, Inc. (hereinafter "EVTH"), a domestic corporation, is a residential development doing business in the State of Georgia, and the unlawful employment practices described herein occurred at 2892 Eastwyck Circle, Decatur, GA 30032. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia. EVTH's registered agent for service, Alton Management Corporation, 1513 E. Cleveland Ave., East Point, GA 30344, will be served process in accordance with the Federal Rules of Civil Procedure.

## III. Parties

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff Davis worked for EVTH for approximately thirty-six (36) years as a painter, through October 2010. In addition to painting, Mr. Davis did substantial preparatory work on the housing units, including putting up sheetrock, placing wall sockets, installing window blinds, etc. Mr. Davis was an hourly employee who was entitled to overtime.

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) of Defendant.

8.

Plaintiff performed non-exempt labor for Defendant within the last three years.

9.

Defendant employed Plaintiff during the relevant time period.

10.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the

overtime wage differential. *Please see* Exhibit A attached hereto. Exhibit A proves that Plaintiff worked overtime for which he was paid straight time, and was not paid the overtime wage differential.

11.

Defendant is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(e).

12.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

### IV. Facts

13.

Plaintiff worked for Defendant within the past three years.

14.

During Plaintiff's employment with Defendant, Plaintiff was not always paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

15.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

16.

Defendant violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for all of the time that Plaintiff worked in excess of forty (40) hours in a workweek.

17.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover the overtime wage differential, liquidated damages in an equal amount, attorney's fees, and the costs of this litigation.

## VI. Prayer for Relief

18.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d),

liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorney's fees as provided under FLSA §16, and all other remedies allowed under the FLSA;

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(D)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 17th day of May, 2011.

ALYSA FREEMAN, P.C.

*/s/ Alysa Freeman*
Alysa B. Freeman
Georgia Bar No. 275394

1827 Independence Square
Atlanta, GA 30338
770-407-6000 telephone
770-458-5456 facsimile
af@alysafreeman.com